IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-16

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JOSE ANDRES MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Document [Doc. 783].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum [Doc. 782], and exhibits thereto [Docs. 782-1, 782-2, 782-3, 782-4], under seal in this case. For grounds, counsel states that the unredacted memorandum and exhibits contain sensitive DEA investigative details, as well as Defendant's personal health information. [Doc. 783].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted sentencing memorandum with only those portions that are allowed to be sealed having been redacted. United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018).

Here, the Defendant concedes that sufficient grounds for wholesale sealing do not exist and provides only grounds for why *portions* of the memorandum and exhibits thereto may be sealed. [Doc. 783]. Despite conceding wholesale sealing is inappropriate, the Defendant has not filed in the public record a version of the memorandum and exhibits identifying and redacting the portions sought to be sealed. Rather, the Defendant requests the wholesale sealing of his Sentencing Memorandum and exhibits, and *then* allowing him fourteen (14) days to file on the public record a redacted version of the memorandum and exhibits. [Id.]. However, the Defendant's Motion fails to identify what portions are sought to be sealed and redacted on the public docket. As such, the Defendant's Motion fails to identify with sufficient specificity the applicable portions sought to be sealed necessary to allow for findings specific enough to determine whether the sealing of those portions is consistent with the First Amendment or common law right to public access.

2

Generally, the more central a piece of information is to the relief a defendant seeks, the greater the public's right to know that information and the less the defendant's right to have such information sealed.

Accordingly, the Court will deny the Defendant's Motion. The Court, however, will allow the sentencing memorandum and exhibits to remain temporarily under seal pending the Defendant filing, prior to the sentencing hearing in this matter, a renewed Motion to Seal and a publicly accessible version of the Defendant's Sentencing Memorandum and exhibits, redacting only those portions containing sensitive information.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Document [Doc. 783] is **DENIED WITHOUT PREJUDICE**. The Defendant shall file, prior to the sentencing hearing in this matter, a Motion to Seal and a publicly accessible version of the Defendant's Sentencing Memorandum and exhibits, redacting only those portions containing sensitive information. The Sentencing Memorandum and exhibits thereto [Docs. 782, 782-1, 782-2, 782-3, 782-4] shall remain temporarily under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: January 18, 2023

Martin Reidinger
Chief United States District Judge

3

Case 1:21-cr-00070-MR-WCM   Document 786   Filed 01/18/23   Page 3 of 3