# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-16

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| (16) JOSE ANDRES MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Defendant's Sentencing Memorandum [Doc. 793].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum [Doc. 782], and exhibits thereto [Docs. 782-1, 782-2, 782-3, 782-4], under seal in this case. For grounds, counsel states that the unredacted memorandum and exhibits contain sensitive DEA investigative details, as well as Defendant's personal health information. [Doc. 793].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his renewed motion to seal on February 5, 2022, and such motion has been accessible to the public through the Court's electronic case filing system since that time. On March 14, 2023, the Defendant also filed a redacted version of the memorandum and exhibits thereto that are accessible to the public. [See Docs. 817, 817-1, 817-2, 817-3. 817-4]. Further, the Defendant has demonstrated that the memorandum and exhibits thereto contain sensitive information and that the public's right of access to such information is substantially outweighed by the Defendant's competing interests in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the Memorandum and exhibits thereto is necessary to protect the Defendant's interest in preventing the disclosure of this sensitive information.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Defendant's Sentencing Memorandum [Doc. 793] is **GRANTED**, and the Defendant's Sentencing Memorandum [Doc. 782], and exhibits thereto [Docs. 782-1, 782-2, 782-3, 782-4], shall be filed under seal and shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: April 3, 2023

Martin Reidinger
Chief United States District Judge